NATIONAL BANK OF COMMERCE OF PIERRE V. GUTHRIE *et al.*

Under Comp. Laws, § 3491, providing that "an obligation is extinguished by a release therefrom given to the debtor by the creditor upon a new consideration," parol evidence is competent to show that one of the makers of an unsecured note gave a new note, secured by a mortgage, for one-half the amount of the old, and that the new note was received by payee, under an express agreement, in full satisfaction of all claims against the maker on the old note.

(Opinion filed April 13, 1899.)

Appeal from circuit court, Hughes county, Hon. LORING E. GAFFY, Judge.

Action by the National Bank of Commerce, of Pierre, against Alfred S. Guthrie and another. From a judgment for plaintiff and an order denying a new trial, defendant Guthrie appeals. Reversed.

The facts are stated in the opinion.

*Joseph Donahue* and *Thomas Drake,* for appellant.

The giving of the new note and mortgage for the old note, unsecured, constituted an accord and satisfaction; there was a novation; and it was error to exclude the testimony offered to establish these facts. Jaffray v. Davis, 11 L. R. A. 710; Guidery v. Green, 95 Calif. 630; §§ 3593, 3485, 3483, 3491 and 3486, Comp. Laws.

*C. E. De Land,* for respondent.

No consideration passed between the parties as a basis for an accord and satisfaction, but the new note was given and received as payment on the original note; the arrangement did not amount to an executed oral agreement. Bryant v. Brazil, 52 Ia. 350; Wharton v. Anderson, 28 Minn. 301; Lankton v. Stewart, 27 Minn, 346; Bryan v. Fay, 59 N. C. 45; Rea v. Owens, 37 Ia. 262; Leeson v. Anderson, 41 Am. St. Rep. 597; Lathrop v. Page, 129 Mass. 19; Smith v. Bartholomew, 1 Metc. 296.

HANEY, J.   This action is upon a promissory note executed by defendant and one Keyes to plaintiff, May 22, 1893, for $425, due July 22, 1893, with interest at 12 per cent per annum from maturity until paid. It is alleged in the complaint that no part of it has been paid, except $233.75, paid August 2, 1894.

Defendant alleges that he signed the promissory note mentioned in the complaint for the accommodation of the plaintiff herein, and that there was never any consideration or value received by said defendant Guthrie for the giving of said note, that on August 2, 1894, he, at the request of the plaintiff, executed and delivered to said plaintiff his promissory note for the sum of $233.75, together with a chattel mortgage upon certain horses therein described, for the security of the payment of said last described note; that the plaintiff accepted the said last-mentioned note, and the security accompanying the same, in full satisfaction of the claim against this defendant set up in the complaint herein.    Upon the trial plaintiff produced the note for $233.75 executed by defendant, August 20, 1894, and it was received in evidence, the indorsements on its back showing that a large portion of it had been paid.    Defendant testified that when it was executed he had the following conversation with plaintiff's cashier: "I told him I did'nt owe Mr. Keyes a dollar, and he [the cashier] had been beefing about it whenever I came in to deposit money or to do any business.    I said: 'I don't want to be roasted, every time I come in to do business, about the Keyes note.    I don't owe him a dollar.    I will pay half the note, if you will release me from the other half.'    He told me the Keyes and Guthrie note was in the hands of Mr. Crawford.    I asked if he would have that indorsed.    He said he would, and give me a release afterwards, and he never did."    All of defendant's testimony was stricken out, and he thereupon made the following offer, which was rejected: "Defendant Guthrie offers to show that, at the time Exhibit 1 was given, it was under an agreement with the plaintiff whereby Mr. Guthrie, by giving Exhibit 1 and a chattel mortgage securing the

same, was to be released from all liability on the note here in suit; and that it was said at the time of this arrangement by Mr. Ewert, the cashier of the plaintiff, that he agreed to that sort of a transaction; and that Mr. Ewert, as the cashier of the plaintiff, accepted the note Exhibit 1, and the chattel mortgage securing the same, in full satisfaction of Mr. Guthrie's indebtedness on the note here in suit; and that he also said that the note here in suit was not in the hands of the bank, but was in the hands of Mr. Crawford, their attorney, but he would procure same, make the proper indorsement thereon, and release Mr. Guthrie, and cancel the note as to him." The court directed a verdict for plaintiff, and denied defendant's motion for a new trial. He appealed from the judgment and from the order denying a new trial.

The rejection of defendant's evidence fairly raises the question whether or not the giving of a new note, secured by a chattel mortgage, for half of the claim sued upon in this action, with the express understanding that defendant should be released from further liability upon such claim, operated to release him. "An obligation is extinguished by a release therefrom given to the debtor by the creditor upon a new consideration, or in writing, with or without new consideration." Comp. Laws, § 3491. The word "release" implies the giving up or abandoning a claim or right to the person against whom the claim exists or the right is to be exercised or enforced. 2 Bouv. Law Dict. 865. Whatever may have been the rule at common law, under the statutes of this state a parol agreement to release a debtor is enforceable if founded upon a new consideration. The giving of security upon defendant's personal property was a valuable consideration, and if it be true that the

parties agreed, when the new note and mortgage were executed, that plaintiff would release defendant from liability upon the old note,—if such was the understanding,—then the old obligation was certainly extinguished as to the defendant. We think the circuit court erred in rejecting defendant's proof. The judgment is reversed and a new trial ordered.